PITTMAN, Justice,
for the Court:
This is an appeal from the First Judicial District, Chancery Court of Hinds County, Mississippi, in which J. C. McDonald filed his complaint against James M. Myrick, Mount Olive Bank, Paul W. Purdy, C. H. Hawkins, Sr., and C. H. Hawkins, Jr., d/b/a Mid-State Motor Company attempting to have set aside a fraudulent conveyance of a 1955 Trailways bus to Dr. Purdy. Mr. McDonald alleged that the conveyance was an attempt by Dr. Purdy and Mr. Myrick to conceal the bus from the creditors of Mr. Myrick. Dr. Purdy never took possession of the bus, and it remained in the use of Mr. Myrick at all times. The loan from the Mount Olive Bank was in the name of Dr. Purdy, and the insurance was in his name; however, the payments to the bank and to the insurance company were paid by Mr. Myrick.
At the conclusion of trial the chancellor found that Dr. Purdy was not a bona fide purchaser and that this was a fraudulent conveyance attempting to keep the bus which had been converted to a motor home out of the hands of Mr. Myrick’s creditors. The chancellor found the damages caused by the loss of the bus to McDonald to be $10,000.00 which was the amount obtained by Dr. Purdy from an insurance claim against the damage to the bus. It was difficult to determine the accurate value of the bus since it had been destroyed by fire. Mr. McDonald offered no proof at the trial as to the value of the bus, and the record is devoid of any suggestions as to the value of the bus. The trial court dealt with the only known value and awarded the $10,-000.00 previously paid to Dr. Purdy under his insurance claim to Mr. McDonald so that Dr. Purdy would not be rewarded for his fraud. This Court affirms the decision of the lower court with instructions that any interest earned by Dr. Purdy on the $10,000.00 certificate of deposit (which represents the insurance proceeds) be included in the award to Mr. McDonald. It is the intention of this Court to deprive Dr. Purdy of any monetary gain from his active participation in this fraudulent transfer of title.
This Court finds the conduct of Dr. Pur-dy to be reprehensible, and does not condone such activity that allows creditors to be defrauded of their rightful claim to property by individuals who knowingly participate in an attempt to keep the property out of the hands of the creditors. The award of the lower court is upheld, but . is to include any interest or profits paid to Dr. Purdy upon the $10,000.00 certificate of deposit.
The judgment of the lower court is affirmed as modified.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN and BLASS, JJ., concur.
HAWKINS, P.J., and ANDERSON, J., not participating.